

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00113-CR

BYRON DOUGLAS BRIGHAM, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 31265

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

In February 2018, the State moved to revoke the community supervision of Byron Douglas Brigham and to proceed to an adjudication of his guilt,[1] alleging six distinct violations of Brigham's community supervision. The trial court granted the State's motion after Brigham pled true to all of the allegations in open court. Brigham was sentenced to two years' confinement in state jail. He appeals.

Brigham's attorney on appeal has filed a brief stating that counsel has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the proceedings. As counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, the brief meets the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On September 26, 2018, counsel mailed to Brigham a copy of the brief, the appellate record, and the motion to withdraw. Brigham was informed of his right to review the record and file a pro se response. After this Court granted Brigham's motion for access to the appellate record,

---

[1] In January 2017, Brigham, pursuant to a plea agreement, had pled guilty to possession of less than one gram of cocaine and was placed on deferred adjudication community supervision for a period of five years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

Brigham filed a pro se response in which he again admits to violating some of the terms and conditions of his community supervision and simply pleads for mercy.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record, and we agree that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 15, 2018
Date Decided:       November 21, 2018

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.